UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARL RICH,

    Plaintiff,

    v.

INDIANA STATE PRISON MINIMUM
SECURITY UNIT, et al.,

    Defendants.

CAUSE NO. 3:22-CV-27-RLM-MGG

OPINION AND ORDER

Carl Rich, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Rich alleges that Officer Hilton failed to protect him from being attacked by other inmates and, in fact, that she encouraged the attacks. He alleges that other inmates attacked him on several occasions during Officer Hilton's shifts in May and June 2021. When he reported the attacks to her, he alleges she would respond, "Sometimes things need to happen to set an example," and look the other way. ECF 1 at ¶ 2. The last attack allegedly occurred after he and Officer Hilton had a

disagreement, and the attackers reportedly told him that he had been "warned" about Officer Hilton. *Id.* Mr. Rich alleges that he's suffered broken ribs, black eyes, and bruises as a result of the attacks.

Prisoners have a right under the Eighth Amendment to be protected from violence while incarcerated. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). Mr. Rich has plausibly alleged that Officer Hilton not only knew about impending harm to him but also encouraged it. This states a claim under the Eighth Amendment.

Mr. Rich also sues Lieutenant Dylan Cabanaw, alleging that he told Lieutnenat Cabanaw that he was having problems and feared for his safety. According to Mr. Rich, Lieutenant Cabanaw told said he couldn't help unless he had information about staff misconduct and left him to fend for himself. These allegations are too vague to state a failure-to-protect claim against Lieutenant Cabanaw. General statements that a prisoner fears being attacked, or wants to be moved elsewhere, are insufficient unless the prisoner describes who is threatening him and the basis for

2

the threat. Klebanowski v. Sheahan, 540 F.3d 633, 639-40 (7th Cir. 2008). Mr. Rich doesn't allege that he made Lieutenant Cabanaw aware of a specific risk to him, and therefore Lieutenant Cabanaw can't be held liable under the Eighth Amendment for not taking action.

Finally, Mr. Rich names the Indiana State Prison—Minimum Security Unit as a defendant. He doesn't explain the basis on which he is suing the unit, but no valid basis exists. He can't sue the Minimum Security Unit as a placeholder for unnamed members of the unit's staff. See Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). And the Minimum Security Unit is included within the Indiana Department of Corrections, which is a state agency and so is not a "person" that can be sued under § 1983. See Owens v. Godinez, 860 F.3d 434, 437-38 (7th Cir. 2017) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). This defendant must be dismissed.

For these reasons, the court:

(1) GRANTS Carl Rich leave to proceed against Officer Hilton in her individual capacity for compensatory and punitive damages for failing to protect him from violence in May and June 2021 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dylan Cabanaw and Indiana State Prison Minimum Security Unit;

3

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Hilton at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Hilton to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 15, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT