UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARL RICH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-27-RLM-MGG |
| HILTON, | |
| Defendant. | |

OPINION AND ORDER

Carl Rich, a prisoner without a lawyer, is proceeding in this case "against Officer Hilton in her individual capacity for compensatory and punitive damages for failing to protect him from violence in May and June 2021 in violation of the Eighth Amendment[.]" ECF 7 at 3. On July 1, 2022, Officer Hilton filed a motion for summary judgment, arguing that Mr. Rich didn't exhaust his administrative remedies before filing suit. With the motion, Officer Hilton provided Mr. Rich the notice required by N.D. Ind. L.R. 56-1(f). Copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 were attached to the notice.

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed more than three months ago, but Mr. Rich hasn't responded. The court will now rule on Officer Hilton's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't simply rely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "a prisoner must file complaints and appeals in the place, and

2

at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

Officer Hilton provides an affidavit from the Grievance Specialist at Indiana State Prison, who attests to the following facts:[1] During the time of the incident alleged in Mr. Rich's complaint, an Offender Grievance Process was in place at the state prison. ECF 14-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 14-2 at 3. Mr. Rich's grievance records indicate he didn't complete any of these steps before filing this lawsuit. ECF 14-1 at 6-7. Mr. Rich's grievance records show the grievance office has only received one grievance from Mr. Rich. *Id.* This grievance concerned Mr. Rich's access to books while in DCH—a matter unrelated to his failure-to-protect claim against Officer Hilton. *Id.*; ECF 14-3, 14-4.

Because it is undisputed Mr. Rich didn't submit any grievance related to his claim against Officer Hilton, and Mr. Rich provides no evidence that his administrative remedies were unavailable, the defendants have met their burden to show Mr. Rich didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 14); and

---

[1] Because Mr. Rich hasn't responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

(2) DIRECTS the clerk to enter judgment in favor of Officer Hilton and against Carl Rich and to close this case.

SO ORDERED on December 12, 2022

> s/ Robert L. Miller, Jr.
> JUDGE
> UNITED STATES DISTRICT COURT